UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES E. BRYANT,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | Case No. 3:21-cv-00323-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This is a closed habeas corpus action, initially brought by Petitioner James E. Bryant under 28 U.S.C. § 2241. The Court dismissed the action because it appeared that petitioner Bryant had not paid the filing fee of $5.00. (ECF No. 4.) Bryant has filed a motion to reconsider. (ECF No. 6.) Attached to the motion is a letter from a correctional counselor of the Federal Detention Center in Philadelphia, where Bryant was imprisoned at the time. The counselor stated that Bryant had timely requested payment of the filing fee, but that the payment was not released until a month later through no fault of Bryant's. (ECF No. 6 at 5.) Bryant also has attached a statement of his account that shows that money had been released for the filing fee. (ECF No. 6 at 4.) The Court has no record of receiving this money, but that does not appear to be Bryant's fault. The Court will grant Bryant's motion to reconsider.

The Court has reviewed the petition under Rules 4 and 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court finds that the petition is a disguised motion attacking a federal sentence under 28 U.S.C. § 2255. As such, it is an unauthorized second or successive motion. *See* 28 U.S.C. § 2255(h). The Court will therefore dismiss this action.

///

## II.     BACKGROUND

The Court takes judicial notice of two cases brought in this Court: *United States v. Bryant*, Case No. 3:14-cr-00018-HDM-VPC ("*Bryant I*"), and *Bryant v. Alexander*, Case No. 3:15-cv-00145-HDM-VPC ("*Bryant II*"). The Court also takes judicial notice of three cases in the United States Court of Appeals for the Ninth Circuit: *Bryant v. United States*, Case No. 21-70049 ("*Bryant III*"), *Bryant v. United States*, Case No. 21-70479 ("*Bryant IV*"), and *Bryant v. United States*, Case No. 21-70595 ("*Bryant V*").

On February 25, 2015, the Court convicted Bryant pursuant to a guilty plea of one count of failure to register as a sex offender. *See Bryant I*, ECF No. 42. On March 10, 2015, Bryant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in *Bryant I*. *See Bryant II*, ECF No. 1-1. The Court converted the petition to a motion attacking Bryant's sentence under 28 U.S.C. § 2255, and directed all filing to be done in *Bryant I*. *See Bryant II*, ECF No. 3. The Court denied the § 2255 motion on July 9, 2015. *See Bryant I*, ECF No. 60. Bryant appealed. The Court denied a certificate of appealability on July 10, 2015. *See Bryant I*, ECF No. 71. The Ninth Circuit denied a certificate of appealability on September 25, 2015. *See Bryant I*, ECF No. 85.

On September 21, 2015, Bryant filed another § 2255 motion. *See Bryant I*, ECF No. 83. The Court denied the motion as a second or successive motion that the Ninth Circuit had not authorized. *See Bryant I*, ECF No. 89 (citing 28 U.S.C. § 2255(h)).

On January 8, 2021, Bryant filed a § 2255 motion in the Ninth Circuit. *See Bryant III*, ECF No. 1. The Ninth Circuit noted that Bryant previously had filed a § 2255 motion in this Court, and that this Court had adjudicated the motion on the merits. *See Bryant III*, ECF No. 4. The Ninth Circuit concluded that Bryant first must obtain authorization from the Ninth Circuit to file a second or successive § 2255 motion, which he had not done. *See id.* (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). The Ninth Circuit declined to consider the § 2255 motion, and it sent Bryant the form application for leave to file a second or successive § 2255 motion. *See Bryant III*, ECF No. 4.

///

Bryant filed applications for leave to file a second or successive § 2255 motion on March 1, 2021, *see Bryant IV*, ECF No. 1, and March 12, 2021, *see Bryant V*, ECF No. 1. The Ninth Circuit denied them both in a combined order on May 19, 2021. *See Bryant IV*, ECF No. 6.

### III.   DISCUSSION

Bryant claims that he could not have been convicted of failure to register as a sex offender. He was convicted of multiple sexual offenses in California in the late 1970s and early 1980s. *See Bryant I*, ECF No. 60 at 1. He alleges that the state courts never advised him of the requirement that he register as a sex offender under California Penal Code § 290, which in turn means that the requirement that he register as a sex offender is invalid as to him, which in turn means that he cannot be convicted of failure to register as a sex offender. (ECF No. 1-1.)

This claim is an attack on the validity of his federal sentence.

> The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, . . . and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241. . . The one exception to the general rule is what we have called the "escape hatch" of § 2255 . . . The escape hatch permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"

*Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). "[A] § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim." *Id.* at 898. "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy v. Pontesso,* 328 F.3d 1057, 1060 (9th Cir. 2003).

Bryant cannot satisfy the requirements of the escape hatch of 28 U.S.C. § 2255(e). The Court makes no statement whether Bryant is actually innocent of failure to register as a sex offender, because Bryant cannot satisfy the second element of the "escape

3

hatch." Bryant did have the opportunity to raise this claim in *Bryant I*, on direct appeal. He waived that appeal as part of his guilty plea agreement, but that does not mean that the opportunity never existed. *See Bryant I*, ECF No. 60 at 2. Consequently, the Court cannot consider this Petition pursuant to 28 U.S.C. § 2241.

The Court will construe the Petition as a motion pursuant to 28 U.S.C. § 2255, but Bryant is barred from filing a § 2255 motion because he already had filed such a motion, and he has not received authorization from the court of appeals to file a second or successive motion. *See* 28 U.S.C. § 2255(h). Nor has Bryant satisfied any of the requirements for filing a successive application as established in 28 U.S.C. § 2244(b)(3).

Bryant claims incorrectly that he is following the Ninth Circuit's instructions. (ECF No. 1-1 at 1.) However, the Ninth Circuit instructed him to file an application for leave to file a second or successive § 2255 motion in that court. (*Id.* at 12-13.) The Ninth Circuit did not instruct him to file a § 2241 petition in this Court. Bryant did file two applications for leave to file a second or successive § 2255 motion in the Ninth Circuit. *See Bryant IV*, *Bryant V*. The Ninth Circuit denied both applications, but that did not mean that Bryant could then raise his claims in a § 2241 petition in this Court. It meant that his claims are barred. Consequently, this Court lacks jurisdiction to consider his petition as a motion pursuant to 28 U.S.C. § 2255. *See Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012).

Because reasonable jurists would not find this Court's conclusions to be debatable or wrong, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c).

**IV.   CONCLUSION**

It is therefore ordered that Bryant's motion to reconsider (ECF No. 6) is granted.

It is further ordered that the order and judgment (ECF No. 4, 5) dismissing this action for failure to pay the filing fee are vacated.

The Clerk of Court is directed to detach the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1, and file the petition.

It is further ordered that this action is dismissed for lack of jurisdiction.

///

The Clerk of the Court is further directed to enter judgment accordingly and to close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 6th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE